1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LAWRENCE GEORGE HASH,                    No.  2:16-cv-1603-EFB P

12                Plaintiff,

13        v.                                  ORDER GRANTING IFP AND DISMISSING
                                              COMPLAINT PURSUANT TO 28 U.S.C. §
14   SAMER A. KANAAN, et al.,                 1915A

15                Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.[1]  He seeks leave to proceed in forma pauperis and requests an order directing the

19   warden to "cease [ ] all retalitory behavior against plaintiff."  ECF No. 8.

20   **I.    Request to Proceed In Forma Pauperis**

21        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).

25   /////

26   /////

27        [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
     § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local
28   Rules, Appx. A, at (k)(4).

1  **II.     Screening Requirement and Standards**

2          Federal courts must engage in a preliminary screening of cases in which prisoners seek

3  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4  § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

5  of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

6  relief may be granted," or "seeks monetary relief from a defendant who is immune from such

7  relief."  *Id.* § 1915A(b).

8          A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

9  of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

10 plain statement of the claim showing that the pleader is entitled to relief, in order to give the

11 defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

12 *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

13 While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

14 its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

15 U.S. 662, 679 (2009).

16         To avoid dismissal for failure to state a claim a complaint must contain more than "naked

17 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

18 action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

19 a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

20 678.

21         Furthermore, a claim upon which the court can grant relief must have facial plausibility.

22 *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

23 content that allows the court to draw the reasonable inference that the defendant is liable for the

24 misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

25 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

26 *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

27 plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

28 /////

1    **III.    Screening Order**

2           Plaintiff's complaint (ECF No. 1) includes allegations concerning discrete events that

3    occurred on various dates and involve approximately fifty defendants.

4           First, plaintiff alleges that defendant Kanaan performed a surgery on plaintiff, known as a

5    Nissen fundoplication, after lying to plaintiff about how often he actually performed the

6    procedure.  Kanaan also allegedly told plaintiff he was only going to do a "180 degree" procedure

7    but performed a "360 degree" procedure.  Plaintiff alleges he would not have allowed Kanaan to

8    operate on him had he been truthful.  Plaintiff alleges that Kanaan's "deliberate indifference"

9    caused him pain and significantly diminished his quality of life.  Plaintiff also alleges that

10   defendants Deus and Masluk were "part of the team" that performed the surgery on July 10, 2012

11   and that defendant Vaziri "made the written recommendation" for plaintiff to have the surgery.

12   Plaintiff claims he made defendants Deus, Masluk, and Vaziri aware that he had agreed to the

13   operation based upon Kanaan's representation that he performed ten or more Nissen

14   fundoplication surgeries a month, and at no time did these defendants inform plaintiff that this

15   was not true.  Plaintiff alleges that their deliberate indifference in this regard caused him pain and

16   significantly diminished his quality of life.

17          Second, plaintiff alleges that a reversal surgery was recommended, but unduly delayed for

18   years.  Plaintiff alleges that defendant Zamora's response to his administrative appeal regarding

19   this issue misstated the facts and demonstrated a deliberate indifference to plaintiff's need for the

20   reversal surgery.  Plaintiff also alleges that defendants Rallos and Allen, through their roles in the

21   appeals process, did nothing to expedite the reversal surgery.  Plaintiff also alleges that defendant

22   Pfile was deliberately indifferent to his medical needs by refusing to grant plaintiff's request to

23   expedite the reversal surgery.

24          Third, plaintiff alleges that on July 12, 2012, defendants Faggianelli, Schwimmer, Silva,

25   Austin, Brida, and Thomas retaliated against plaintiff by having him placed in administrative

26   segregation and that defendant McClain denied him due process at a classification hearing

27   regarding plaintiff's transfer to another prison.

28   /////

                                                      3

1    Fourth, plaintiff alleges that on July 19, 2012 and August 9, 2012, defendants Arnold,

2  Scotland, Majors, Jackura, Justin, Bess, Navarro, Darrach, Obegi, and Medina violated plaintiff's

3  due process rights in connection with an institutional classification committee hearing.  Further,

4  plaintiff claims that defendants Swarthout, Hudnall, Ryan, Hickerson, Lozano, and Van Leer

5  denied plaintiff due process by failing to correct these violations through the administrative

6  appeals process.

7    Fifth, plaintiff alleges that on July 12, 2012, defendants Brida, Mohamed, Johnson,

8  Solorzano, and Farinas refused to summon medical care or allow plaintiff access to a toilet, and

9  left plaintiff confined to a holding cell full of blood, vomit, and feces.

10    Sixth, plaintiff alleges that on July 12, 2012, defendants Solorzano and Farinas denied

11  plaintiff access to the courts by throwing away plaintiff's court records and documents pending

12  plaintiff's placement in administrative segregation.

13    Seventh, plaintiff alleges that defendants Sandi, Parera, Boyd, Farinas, Lemons, Cruzen,

14  Fanning, Cook, Hutcheson, Padilla, and Just subjected plaintiff to cruel and unusual punishment

15  when they retaliated against plaintiff for complaining about the plumbing problems in his cell and

16  that defendants Shirley, Thompson, Brown, Hammond, Hodges, and Lozano denied plaintiff due

17  process during the administrative appeals process.

18    The core of the instant complaint is plaintiff's allegations over the surgery, and need for

19  reversal surgery.  The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and

20  finds that the allegations against defendants Kanaan, Deus, Masluk, and Vaziri (which, as

21  addressed below, fail to state a cognizable claim) are distinct from the remaining allegations such

22  that those remaining claims cannot be properly joined in this action.  Specifically, plaintiff's

23  allegations regarding the July 12, 2012 placement in a holding cell and then in administrative

24  segregation, the institutional classification committee hearings, a delay in the reversal surgery,

25  and various plumbing problems and living conditions in his cell do not appear to be sufficiently

26  related to the deliberate indifference claims he asserts against defendant Kanaan, Deus, Masluk,

27  and Vaziri.  The Federal Rules of Civil Procedure do not allow a claimant to raise unrelated

28  claims against different defendants in a single action.  Instead, a plaintiff may add multiple parties

4

1   where the asserted right to relief arises out of the same transaction or occurrence and a common

2   question of law or fact will arise in the action.  *See* Fed. R. Civ. P. 20(a)(2).  Unrelated claims

3   involving different defendants must be brought in separate lawsuits. [2]

4          As for the allegations against Kanaan, Deus, Masluk, and Vaziri, the court finds that they

5   are not sufficient to demonstrate deliberate indifference to medical needs in violation of the

6   Eighth Amendment.  The complaint fails to show how any of these defendants knowingly

7   disregarded a serious risk of harm to plaintiff or how their acts or omissions caused the injuries of

8   which plaintiff complains.  To succeed on an Eighth Amendment claim predicated on the denial

9   of medical care, a plaintiff must establish that he had a serious medical need and that the

10  defendant's response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091,

11  1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical

12  need exists if the failure to treat the condition could result in further significant injury or the

13  unnecessary and wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  Deliberate indifference may

14  be shown by the denial, delay, or intentional interference with medical treatment, or by the way in

15  which medical care is provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

16         To act with deliberate indifference, a prison official must both be aware of facts from

17  which the inference could be drawn that a substantial risk of serious harm exists, and he must also

18  draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if

19  he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing

20  to take reasonable measures to abate it."  *Id.* at 847.  A physician need not fail to treat an inmate

21  altogether in order to violate that inmate's Eighth Amendment rights.  *Ortiz v. City of Imperial*,

22

23

24

25

26

27

28

---

[2] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.*

1    884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition,

2    even if some treatment is prescribed, may constitute deliberate indifference in a particular case.

3    *Id.*

4         It is important to differentiate common law negligence claims of malpractice from claims

5    predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment.

6    In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

7    support this cause of action."  *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

8    1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th

9    Cir. 2004).  Plaintiff must show a deliberate disregard for a known medical need.  The Ninth

10   Circuit has made clear that a difference of medical opinion is, as a matter of law, insufficient to

11   establish deliberate indifference.  *See Toguchi*, 391 F.3d at 1058.  "Rather, to prevail on a claim

12   involving choices between alternative courses of treatment, a prisoner must show that the chosen

13   course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in

14   conscious disregard of an excessive risk to [the prisoner's] health.'"  *Id.* (quoting *Jackson v.*

15   *McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

16        Moreover, there are no constitutional requirements regarding how a grievance system is

17   operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's

18   claimed loss of a liberty interest in the processing of his appeals does not violate due process

19   because prisoners lack a separate constitutional entitlement to a specific prison grievance system).

20   Thus, plaintiff may not impose liability on a defendant simply because he played a role in

21   processing plaintiff's appeals or because the appeals process was otherwise rendered unfair.  *See*

22   *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a

23   procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does

24   not give rise to a protected liberty interest requiring the procedural protections envisioned by the

25   fourteenth amendment." (internal quotations omitted)).

26        Based on the foregoing, the complaint must be dismissed.  Plaintiff may, if he chooses,

27   amend his complaint to correct these deficiencies.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th

28   Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct

6

1   any deficiency in their complaints).   Should plaintiff choose to file an amended complaint, the

2   amended complaint shall clearly set forth the claims and allegations against each defendant.  Any

3   amended complaint must cure the deficiencies identified above and also adhere to the following

4   requirements:

5        Any amended complaint must identify as a defendant only persons who personally

6   participated in a substantial way in depriving him of a federal constitutional right.   *Johnson v.*

7   *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

8   constitutional right if he does an act, participates in another's act or omits to perform an act he is

9   legally required to do that causes the alleged deprivation).

10       It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

11       Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George*

12  *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

13       Any amended complaint must be written or typed so that it so that it is complete in itself

14  without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

15  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

16  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

17  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

18  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

19  1967)).

20       The court cautions plaintiff that failure to comply with the Federal Rules of Civil

21  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

22  *See* E.D. Cal. Local Rule 110.

23  **IV.     Request for Injunctive Relief**

24       Plaintiff seeks an order directing the warden to "cease [ ] all retalitory behavior against

25  plaintiff," which the court construes as a request for injunctive relief.  As discussed above,

26  plaintiff's complaint will be dismissed with leave to amend.  As there is no operative complaint,

27  plaintiff has no likelihood of success on the merits of any claim, and there are no defendants

28  against whom this court could enter an order.  If plaintiff files an amended complaint that states a

7

1   cognizable claim, the court will order the United States Marshal to serve the amended complaint

2   upon the named defendant(s).  *See Zepeda v. United States Immigration Service*, 753 F.2d 719,

3   727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over

4   the parties and subject matter jurisdiction over the claim; it may not attempt to determine the

5   rights of persons not before the court.").  Accordingly, plaintiff's motion is denied as premature.

6   **V.     Summary of Order**

7           Accordingly, IT IS HEREBY ORDERED that:

8           1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

9           2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected

10              in accordance with the notice to the California Department of Corrections and

11              Rehabilitation filed concurrently herewith.

12          3.  Plaintiff's request for an order directing the warden to "cease [ ] all retaliatory

13              behavior against plaintiff" (ECF No. 8) is denied as premature.

14          4.  The complaint is dismissed with leave to amend within 30 days.  The complaint

15              must bear the docket number assigned to this case and be titled "Amended

16              Complaint."  Failure to comply with this order will result in dismissal of this

17              action for failure to prosecute.  If plaintiff files an amended complaint stating a

18              cognizable claim the court will proceed with service of process by the United

19              States Marshal.

20  Dated:  February 6, 2017.

21                                              EDMUND F. BRENNAN
                                                UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

8